Filed By The Court
1/21/2025 6:37 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Dr. Michael A Addison
PO Box 507
Orangeburg, SC 29116
Email: drmike821@gmail.com                                              January 20, 2025

Dawn M. Hardesty, Chapter 13 Trustee
250 Berryhill Road #402
Columbia, SC 29210

Re:       Reschedule Meeting of Creditors/ Soft Reset of the case.
Case No.:    24-04077-eg

Dear Trustee Hardesty,

The purpose of this letter is to disclose to you the full list of assets and potential assets in this bankruptcy estate. It is my sincere belief that were it not for the significant wrongs done to me by various actors and entities, over the last 5 to 10 years, I would never have had to file bankruptcy.

I will provide a full list of potentially viable claims, tort claims, civil rights violation claims and other legal claims which I urge you to fully consider and to litigate for the single purpose of fully funding this bankruptcy estate in all it's aspects, and with the singular goal of insuring that every creditor is fully paid for their verified and validated claims.

I am requesting you to reschedule the meeting of creditors pursuant to **11 USC sect 521(I) grounds for an automatic dismissal does not include debtor failure to attend the 341 meeting**. Due to the complexity of this case, and events out of my control, e.g. unable to access the data to complete my schedules because I was locked out of my storage unit for weeks after the commencement of this process. My home/office was damaged by hurricane Helene, and I had to relocate on an emergency basis due to my home being uninhabitable. I am currently receiving assistance from FEMA due to the extensive damages to my home. A tree branch fell through my roof, along with wind damage, water intrusion, and collapsed ceilings.

Documents needed to support and complete my schedules were damaged in the storm, and/or locked away in storage which I could not access at that time. Fortunately, I was given an extension of time to complete the schedules, statement of financial affairs, and other required documents, but due to the complexity of the case, I need more time. There are several assets in this case.

**I believe it is in the best interest of the bankruptcy estate, the creditors and the debtor that you continue this case and reschedule the meeting of creditors in two weeks and implement 11 U.S.C. section 521(a)(1)(B) waive the filing of mandatory documents**. As you note on the following page, the assets are sufficient in this case to handle all legitimate claims within the

bankruptcy rules. My request does not prejudice the creditors. It is my goal to pay all my legitimate claims within the rules, and resources at my disposal.

Following is a partial list of my assets to the best of my knowledge and recollection:

| | | |
|---|---|---|
| Land – 6.75 acres | $ 65,000.00 | |
| Land - 2 acres | $ 19,000.00 @ 50% | $   9,500.00 |
| Commercial Property | $275,000.00 @ 50% | $137,500.00 |
| Single Family Home | $298,000.00 @ 50% | $149,000.00 |

*Businesses Owned by Debtor*:
The Medical Wellness Center/Edisto Chiropractic
Addison Brevard Agency
Quality Loss Construction dba QLC Restoration
Aaron's Public Adjustment
Addison-Hayes Capital Group
A.L.E. Management Solutions
R.A.C.E Rural Advocates for Community Enhancement – non-profit
Paradise Pointe Veteran's House
James Towing
Addison For U.S. Congress - Political
Addison For Senate - Political

*Current and Potential Litigation*

| | | |
|---|---|---|
| *Addison v Johnson et al | $375,000.00 | Breach of Contract – Default Judgment |
| *Addison v Wall et al | $10,000,000.00 | Defamation - Business |
| Addison v O'Cain | $1,000,000.00 | Wrongful Eviction - Business |
| *Addison v Ocwen | $1,000,000.00 | Fraudulent Foreclosure |
| *Addison v Boone et al | $100,000.00 | Breach of Contract-Defamation |
| *Addison v AMICA | $500,000.00 | Insurance Bad Faith |
| Addison v SCBRC LLR | $ 50,000.00 | Violation of Automatic Stay Bankr Court |
| Addison v Charles Prescott | $1,000,000.00 | Legal Malpractice |
| Addison v Richland County | $7,200,00.00 | Breach of Fiduciary Duty & Discrimination |

*Case has already commenced

As a candidate for U.S. Congress, I have been attacked by many different players.  As you can see, this bankruptcy estate should be protected.  You have the capacity to investigate, file law suits, and turn assets into real cash. I want to maintain control of my assets including my businesses, but I have been damaged significantly by COVID-19, natural disasters, and wrongful acts by others. In some cases, those wrongful acts have already been proven in court, and I am part of a "class action" of plaintiffs.  Thank you for your support in this complex case.

Best Regards,

Michael A Addison